IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LARRY WAYNE GAGE | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-10-CV-0315-D |
| RICK THALER, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Larry Wayne Gage, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

In 2006, petitioner pled guilty to unlawful possession of a firearm by a felon and possession with intent to deliver more than four grams of cocaine. Punishment was assessed at 25 years confinement in each case. Both convictions were affirmed on direct appeal. *Gage v. State*, Nos. 05-06-01058-CR & 05-06-01059-CR, 2007 WL 2410906 (Tex. App.--Dallas, Aug. 27, 2007, pet. ref'd). Petitioner also filed two applications for state post-conviction relief--one for each conviction. The applications were denied without written order. *Ex parte Gage*, WR-72,202-01 & 72,202-02 (Tex. Crim. App. Jul. 1, 2009). Petitioner then filed this action in federal district court.

II.

Petitioner raises four broad issues in six grounds for relief. Succinctly stated, petitioner contends that: (1) his guilty pleas were involuntary; (2) his convictions were the result of an illegal search; (3) he received ineffective assistance of counsel; and (4) the prosecutor withheld evidence that would have established his innocence.

Respondent has filed a preliminary response in which he argues that this case is barred by the AEDPA statute of limitations. Petitioner was invited to address the limitations issue in a reply, but failed to do so. The court now determines that this case should be dismissed on limitations grounds.

A.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub.L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *Id.* § 2244(d)(2). The AEDPA statute of limitations is also subject to equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Petitioner was sentenced to 25 years in prison on state weapons and drug charges. His convictions were affirmed by the court of appeals on August 27, 2007. The Texas Court of Criminal Appeals refused a petition for discretionary review on February 13, 2008. Petitioner did not seek relief in the United States Supreme Court by way of a petition for writ of certiorari. Therefore, his convictions became final on May 13, 2008--90 days after the Texas Court of Criminal Appeals denied review. *See Watson v. Thaler*, No. 3-09-CV-1125-O, 2010 WL 271940 at *2 (N.D. Tex. Jan. 21, 2010) (citing cases), *appeal filed*, No. 10-10186 (5th Cir. Feb. 24, 2010) (state conviction becomes final for limitations purposes when 90-day deadline for seeking further relief in Supreme Court expires). Petitioner challenged his convictions in separate applications for state post-conviction relief. Both writs were filed on February 20, 2009 and were denied on July 1, 2009. Petitioner filed this action in federal court on February 10, 2010.

The AEDPA statute of limitations started to run on May 13, 2008, when petitioner's convictions became final. *See* 28 U.S.C. § 2244(d)(1)(A). This period was tolled from February 20, 2009 until July 1, 2009, a total of 132 days, while his state writs were pending. Even allowing for this tolling period, petitioner filed his federal writ 141 days after the expiration of the one-year statute of limitations. No explanation has been offered to justify this delay or to suggest that equitable tolling is appropriate. Consequently, petitioner's untimely writ must be dismissed.

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 26, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE